IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-67,487-01 & WR-67,487-02






EX PARTE LAWRENCE LEE CRAWFORD, III, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 39,149 AND 38,502 IN THE 27
TH & 264TH DISTRICT COURTS


FROM BELL COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writs of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to appear, and possession
of cocaine less than twenty-eight grams. He was sentenced to twelve years' imprisonment on both causes. 
He did not appeal his convictions. These sentences have been discharged, but Applicant alleges collateral
consequences from these convictions and therefore this Court will consider his applications on the merits. 


 Applicant contends, inter alia, that the enhancements utilized were not final convictions and
therefore were not available for use. Applicant also contends that his trial counsel was ineffective for failing
to properly investigate the enhancement allegations to find that neither were final at the time of the instant
judgments.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial attorney
was deficient regarding an investigation into Applicant's prior convictions and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall make findings as to whether the
convictions alleged as enhancements in the indictment were final at the time of Applicant's plea. The trial
court shall make findings as to whether Applicant had any other final felony convictions that could have
been alleged as enhancements at the time of his plea. The trial court shall make findings regarding whether
Applicant's application is barred through estoppel or laches. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: October 10, 2007

Do not publish